KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raphael Nyagong Wani, | No.  CV 13-1871-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Arizona Department of Health Services, | |
| Defendant. | |

On September 11, 2013, Plaintiff Raphael Nyagong Wani, who is confined in the Arizona State Hospital, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On January 16, 2014, Plaintiff paid the filing and administrative fees. In a June 4, 2014 Order, the Court dismissed the Complaint for failure to file on the court-approved form. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 13, 2014, Plaintiff filed his First Amended Complaint (Doc. 10). On June 13, 2014, Plaintiff filed a "Notice of Service" (Doc. 12) stating that he had served Defendant with the First Amended Complaint.

On August 19, 2014, Assistant Arizona Attorney General Michael G. Gaughan filed a limited Notice of Appearance for Defendant and a Motion to Dismiss (Doc. 15). On September 16, 2014, Plaintiff filed a Response (Doc. 24) to the Motion to Dismiss. On September 18, 2014, Defendant filed a Reply (Doc. 25).

Also pending before the Court are Plaintiff's August 21, 2014 Motion for Hearing (Doc. 16), September 3, 2014 Motion for Oral Argument (Doc. 18), and September 3, 2014 Motion for Leave to Appear in Person (Doc. 19).

The Court will grant the Motion to Dismiss and deny as moot the remaining pending Motions.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

**II.     First Amended Complaint**

Plaintiff names Arizona Department of Health Services as Defendant in his three-count First Amended Complaint.  In Count One, Plaintiff alleges Arizona State Hospital employees "beat [him] up to the point where [his] finger got broken."  Plaintiff claims that on November 23, 2010, two employees held him down, broke his little finger, and punched and kicked him on both sides of his stomach.  Plaintiff claims he suffered kidney failure and urinated blood for over one month.   In Count Two, Plaintiff makes the same allegations as Count One but also claims that "they" injected him against his will with two strong "psychiatric injections."  In Count Three, Plaintiff claims that after the above incident, the physician assistant in his unit ordered him to give a urine sample and then ordered Plaintiff taken to the emergency room.  Plaintiff seeks monetary damages and release from custody.

**III.    Motion to Dismiss, Response, and Reply**

In its Motion to Dismiss, Defendant alleges that it was not properly served, that as a state agency it may not be sued in its own name (it is a non-jural entity), and that Plaintiff's claims are barred by the statute of limitations.  Defendant argues that Plaintiff's claims accrued on November 11, 2010,[1] the date he suffered the injury at issue in this case, and that for Plaintiff's lawsuit to be timely, he was required to file the Complaint on or before November 11, 2012.  Defendant asserts that Plaintiff's claims are therefore barred by the statute of limitations.

In his Response, Plaintiff reasserts the factual allegations in the First Amended Complaint and argues that Defendant's employees used excessive force against him in violation of the Eighth Amendment.  Plaintiff does not address the arguments raised in Defendant's Motion to Dismiss.

---

[1] In the First Amended Complaint, Plaintiff alleges that the incident occurred on November 23, 2010.  For purposes of statute of limitations analysis, the Court will use Plaintiff's date of November 23, 2010, as the date of the incident.

In its Reply, Defendant states that Plaintiff "raises no legal issues responsive to those issues raised in Defendant's Motion to Dismiss" and asks that the Court grant the Motion to Dismiss.

**IV.  Discussion**

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  The complaint cannot be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Title 42 U.S.C. § 1983 does not include its own statute of limitations. *TwoRivers*, 174 F.3d at 991. Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *TwoRivers*, 174 F.3d at 991. In Arizona, the limitations period for personal injury claims is two years. *TwoRivers, 174 F.3d at 991.*; *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991.  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers, 174 F.3d at 991*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The Court must also apply any state law rules for tolling to § 1983 actions. *Hardin v. Straub*, 490 U.S. 536, 544 (1989); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000); *TwoRivers*, 174 F.3d at 992. Under Arizona law, the limitation period is

1  tolled during mandatory exhaustion of administrative remedies.  *See Brown v. Valoff*, 422
2  F.3d 926, 943 (9th Cir. 2005); *Arizona Dep't of Revenue v. Dougherty*, 29 P.3d 862 (Ariz.
3  2001); *Third & Catalina Assoc. v. City of Phoenix*, 895 P.2d 115, 119 (Ariz. Ct. App.
4  1994); *see also* Ariz. Rev. Stat. § 12-821.01(c) (cause of action required by law or
5  contract to be submitted to administrative review process does not accrue until process
6  exhausted)).  Finally, the Court "may take judicial notice of 'matters of public record'
7  without converting a motion to dismiss into a motion for summary judgment." *Lee v.*
8  *City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *MGIC Indem. Corp. v.*
9  *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

10  In his First Amended Complaint, Plaintiff states "[t]he facts are on the 11/23/2010,
11  approximately 5:15 p.m. and the medical records will show, see exhibit B, they
12  committed a[n] attempted murder on me by beating me almost to death." (Doc. 10 at 11).
13  Plaintiff further states that he "ended up in the Maricopa County Medical Center on
14  11/23/2010 with multiple injuries." (Doc. 10 at 12.)  Plaintiff attaches to the First
15  Amended Complaint a copy of two documents titled "Arizona Department of Health
16  Services Arizona State Hospital Complaint Form" in which he describes the use of force
17  and his injuries.  The documents are dated November 23, 2010.  Plaintiff also includes a
18  "Conditions of Admission" form from Maricopa Integrated Health System dated
19  November 23, 2010.

20  Plaintiff's allegations make clear that his claims accrued on November 23, 2010.
21  Assuming the statute of limitations period was not tolled, Plaintiff would be required to
22  have filed his Complaint on or before November 23, 2012.

23  Neither Defendant nor Plaintiff discussed whether tolling of the statute of
24  limitations period is appropriate in this action.  However, Plaintiff attached to his original
25  Complaint a copy of a decision from the Superior Court of Maricopa County that appears
26  to indicate Plaintiff pursued administrative remedies and later filed an Appeal for
27  Administrative Review in the Maricopa County Superior Court.  A review of the state
28  court record indicates that the Arizona Department of Health Services issued a final

administrative decision on August 8, 2011.[2] Assuming that the statute of limitations was tolled until August 8, 2011, Plaintiff would still have been required to file this action on or before August 8, 2013. Plaintiff filed his original Complaint no earlier than September 9, 2013.[3] Accordingly, Plaintiff's claims are barred by the statute of limitations and the Court will grant Defendant's Motion to Dismiss.

**V.     Pending Motions**

Because the Court will dismiss the First Amended Complaint and this action, the Court will deny as moot Plaintiff's Motion for Hearing (Doc. 16), Motion for Oral Argument (Doc. 18), and Motion for Leave to Appear in Person (Doc. 19).

**IT IS ORDERED:**

(1)     Defendant's August 19, 2014 Motion to Dismiss Case (Doc. 15) is **granted**.

(2)     Plaintiff's Motion for Hearing (Doc. 16), Motion for Oral Argument (Doc. 18), and Motion for Leave to Appear in Person (Doc. 19) are **denied as moot**.

(3)     This action is **dismissed with prejudice** as barred by the statute of limitations, and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] *See Wani v. Arizona Department of Health Services*, case number LC2011-000758-001DT, http://www.courtminutes.maricopa.gov/docs/Lower%20Court/042012/m5211784.pdf (last visited Oct. 28, 2014).

[3] A complaint is deemed filed when handed by the prisoner to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying "mailbox rule" to a habeas petition). Plaintiff signed his complaint on September 9, 2013; therefore, Plaintiff could not have handed his Complaint to a prison official for mailing any earlier than September 9, 2013.

1  (5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
2  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of
3  this decision would not be taken in good faith.
4  Dated this 3rd day of November, 2014.

David G. Campbell
United States District Judge